**SAI JUAN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2754–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Farah Loftus, Los Angeles, California, for Petitioner.

David Kustoff, United States Attorney for the Western District of Tennessee, William W. Siler, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Sai Juan Chen, a native and citizen of China, seeks review of a May 16, 2006 order of the BIA affirming a February 10, 2005, decision of Immigration Judge ("IJ") Sarah Burr, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sai Juan Chen,* No. A96 204 144 (B.I.A. May 16, 2006); *aff'g In re Sai Juan Chen,* No. A96 204 144 (Immig. Ct. N.Y. City Feb. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination.[1] *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d

---

1. Although petitioner is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 135 (2d Cir.2006).

Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Where an adverse credibility finding is based, in part, on flawed grounds, remand is not required where it could be "confidently predicted" that the agency would have reached the same conclusion absent the error-based grounds. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). Although some of the IJ's factors were not supported by substantial evidence, the non-erroneous factors relate to essential elements of Chen's claims and are sufficient to support the credibility determination. Even though the IJ's implausibility and inconsistency findings were not supported by the record, the IJ's demeanor finding is given deference. *See Zhou Yun Zhang,* 386 F.3d at 73; *cf. Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006) (holding that demeanor findings may be given greater deference when coupled with findings of inconsistent testimony). Although the demeanor finding may be insufficient on its own to support the adverse credibility determination, the IJ also reasonably determined that Chen failed to establish her identity. Despite the long period of time between the filing of her application and her hearing, Chen failed to present any evidence of her identity other than her Chinese passport. As the IJ noted, moreover, the validity of the passport is questionable since Chen did not know how her family obtained it. Since Chen failed to establish her identity, the IJ was reasonable in questioning the veracity of her testimony, particularly in light of the concerns regarding Chen's demeanor. Accordingly, this Court can confidently predict that the agency would reach the same result on remand, and as a result, the IJ's overall adverse credibility determination is supported by substantial evidence.

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003). In addition, because Chen's CAT claim was based on the same facts as her asylum and withholding of removal claims, the adverse credibility prevents Chen from demonstrating eligibility for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not exclusively turn upon credibility). In addition, Chen has waived any argument that she was eligible for relief on account of her inability to obtain a higher education in China as she failed to raise it in her brief to this Court. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir. 2006).

Accordingly, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.